FILED
MAR 20 2015
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| vs. | § § | NO: MO:12-CR-00340(3)-RAJ<br>MO:14-CV-00037 |
| BRIAN CONNELL | § | |

### ORDER ADOPTING UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [DOCKET NUMBER 121] AND DENYING A CERTIFICATE OF APPEALABILITY

On this date the Court considered the United States Magistrate Judge's Report and Recommendation ("R&R"), filed February 10, 2015, in the above-numbered and styled case. [docket number 121]. The Court adopts the Magistrate Judge's recommendation that the Motion to Vacate, Set Aside, or Correct the Movant's Sentence, filed pursuant to 28 U.S.C. §2255 ("§2255"), be DISMISSED WITH PREJUDICE.

On December 19, 2012, a federal Grand Jury sitting in Midland, Texas, returned an Indictment charging Movant and his two co-Defendants, Miguel Angel Compean and Michelle Compean, in Count One with conspiring to smuggle goods from the United States by exporting, and attempting to export, merchandise (firearms) contrary to a law or regulation of the United States, contrary to 18 U.S.C. §§922(a)(6) & 924(a)(1)(A), in violation of 18 U.S.C. §371. [docket number 9 at 1–2]. Counts Two and Three of the Indictment charged Movant with making false statements and representations to licensed firearms dealers by executing a Firearms Transaction Record,[1] stating that he was the actual purchaser of the firearms when he was not (Count Two), and that he resided at an address in El Paso, Texas, when he did not (Count Three), in violation of 18 U.S.C. §924(a)(1)(A). [*Id.* at 5–7].

---

[1] U.S. Department of Justice, Bureau of Alcohol, Tobacco and Firearms Form 4473.

On February 25, 2013, Movant entered a guilty plea to Counts One and Two of the Indictment pursuant to a written plea agreement. [docket numbers 66 & 70 at 1]. On May 16, 2013, this Court sentenced Movant in Count One to a sixty-month term of imprisonment to run concurrently with his sixty-month term of imprisonment in Count Two, to be followed by three years of supervised release, to run concurrently with his three years of Supervised Release in Count Two, and two-$100 special assessments. [docket number 81]. On May 12, 2014, Movant timely mail-filed the instant §2255, alleging various instances of ineffective assistance of counsel in the plea and sentencing context. [docket number 97 at 13].

The Magistrate Judge issued a Report and Recommendation, recommending that Movant's §2255 be denied and his case be dismissed with prejudice and a certificate of appealability not issue in this case on February 10, 2015. [docket number 121]. The Magistrate Judge recommended Movant's §2255 be dismissed, in part, because the Magistrate Judge found Movant's contentions were "without merit and should be denied." [docket number 121 at 5]. This Court agrees with the Magistrate Judge's findings.

Any party who desires to object to a Magistrate Judge's findings and recommendations must serve and file his written objections within fourteen (14) days after being served with a copy of the findings and recommendations. 28 U.S.C. §636(b)(1). Because no party has timely objected to the Magistrate Judge's R&R, the Court need not conduct a *de novo* review. *See* 28 U.S.C. §636(b)(1) ("A judge of the Court shall make a *de novo* determination of those portions of the report or specified proposed findings and recommendations to which objection is made").

Movant never filed any timely objections in this case and asked for an extension of time to file such only after the fourteen days had expired; therefore, *de novo* review is not triggered.

As *de novo* review has not been triggered, this Court will conduct a review under the clearly erroneous or contrary to law standards.

The Court has reviewed the R&R and finds it to be neither clearly erroneous nor contrary to law. *See United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir.), cert. denied, 492 U.S. 918 (1989). Accordingly, the Court ACCEPTS the Magistrate Judge's R&R [docket number 121] and the case is DENIED and DISMISSED with prejudice as to Movant's §2255.

Because the Motion to Vacate filed in this case is governed by the Antiterrorism and Effective Death Penalty Act, codified as amended at 28 U.S.C. §2253, a certificate of appealability is required before an appeal may proceed. *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir. 1997) (noting that actions filed under either 28 U.S.C. §2254 or §2255 require a certificate of appealability). "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals....'" *Miller-El v. Cockrell*, 537 U.S. 322, 336, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003) (citing 28 U.S.C. §2253(c)(1)).

A certificate of appealability will not issue unless the Movant makes "a substantial showing of the denial of a constitutional right," pursuant to 28 U.S.C. §2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282, 124 S.Ct. 2562, 159 L.Ed.2d 384 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000)). Under the controlling standard, this requires a movant to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336. Where denial of relief is

based on procedural grounds, the movant must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). For all of the reasons discussed in the opinion, the Court concludes that jurists of reason would not debate whether any ruling in this case was correct or whether the Movant stated a valid claim of the denial of a constitutional right. Therefore, a certificate of appealability will not issue in this case.

For the foregoing reasons, this Court now ADOPTS the Report and Recommendation of the Magistrate Judge [docket number 121], DENIES and DISMISSES Movant's §2255 [docket number 97] with prejudice, and ORDERS that a Certificate of Appealability will not issue in this case.

IT IS SO ORDERED.

Signed on this 20 day of March, 2015.

_____
Robert Junell
Senior United States District Court Judge